IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BUNNETT & CO. and ENERGY FEEDS INTERNATIONAL, LLC | § § § | |
| V. | § § | NO. A-15-CV-1104 LY |
| FRANK DORES | § § | |

### ORDER

Before the Court are Plaintiffs' Bunnett & Company and Energy Feeds International, LLC's Motion to Compel Defendant Frank Dores's Responses to Discovery (Dkt. No. 21), and Defendant Frank Dores's Response to Motion to Compel and, Subject to Pending Motion to Dismiss, Alternatively Motion to Transfer Venue, Motion for Protection (Dkt. No. 24).

This action was originally brought by Plaintiffs in Travis County District Court, but was removed to this Court on diversity grounds on December 7, 2015. Prior to removal, Plaintiffs sought and obtained a temporary restraining order against Defendant on November 24, 2015, as well as an order shortening the time for Dores to respond to written discovery to seven days, and requiring him to appear for a deposition within ten days. Dkt. No. 1-1 at 146-49. More than a month after that order was entered, Dores continues to refuse to respond to the discovery requests, and has not made himself available for deposition. Accordingly, Plaintiffs filed the instant Motion to Compel, arguing that Dores is in violation of the state court's order.

In his response, Dores argues that he is not bound by the state court's order because the state court lacked personal jurisdiction over him when it issued the order. He further argues that this Court should not enforce the state court's order because (1) Plaintiffs' initial complaint did not comply with Texas Rule of Civil Procedure 47(c), as it did not contain a statement of the damages Plaintiffs were seeking in the suit;[1] (2) the question of whether this Court has personal jurisdiction over Dores has

---

[1] Plaintiffs cured this defect with the First Amended Petition they filed on December 3, 2015, Dkt. No. 1-1 at 167, ¶ 6, and thus this argument has no merit.

not yet been decided; (3) the discovery requests are overbroad; and (4) the discovery is harassing because it requires that Dores travel from California to Texas to be deposed.  None of these arguments have merit.  The Travis County District Court's order was valid when it was entered (indeed, no jurisdictional issue had been raised or was before the court when the discovery order was entered), and that order remained valid after the case was removed to this Court.  28 U.S.C. § 1450.  The fact that Dores has raised a question regarding the state court's jurisdiction over him, and subsequently, raised that same issue in this Court, does not absolve Dores from complying with that validly entered order before the time the Court has had an opportunity to reach the jurisdictional issue.  Further, Dores wholly fails to explain in what respect the discovery requests are overbroad, and failed to timely file any objections on that ground, and that argument is therefore meritless.  Finally, any inconvenience caused to Dores by having to give a deposition in Austin can be cured by shifting the costs of travel.

Accordingly, the Court hereby **GRANTS** Plaintiffs' Motion to Compel, and **ORDERS** Dores to respond to Plaintiffs' written discovery requests by Monday, January 11, 2016.  Dores is also **ORDERED** to present himself to be deposed in Austin, Texas, no later than Tuesday, January 12, 2016.  Plaintiffs are **ORDERED** to pay the costs of Dores's air travel to Austin, Texas for the deposition.  Plaintiffs' request for fees and costs is **DENIED**.

Finally, the parties are **ORDERED** to appear for an evidentiary hearing on Dores's Motion to Dismiss or Transfer Venue (Dkt. No. 2); and Plaintiffs' Motion for Temporary Restraining Order (Dkt. No. 22) at 9:00 a.m. to 12:00 noon, on Wednesday, January 13, 2016, in Courtroom No. 3, United States Courthouse, 501 West 5th Street, Austin, Texas.

SIGNED this 5 day of January, 2016.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE