IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **BUNNETT & CO., INC., et al.** | § | |
| | § | |
| **V.** | § | **A-15-CV-1104 -LY-AWA** |
| | § | |
| **FRANK DORES** | § | |

## INTERIM REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

Before the Court are Ray Gearheart and Gearheart Ag Consulting, Inc.'s Notice of Non-Objection to the Western District of Texas as the Proper Forum (Dkt. No. 91); Wawasan AgroLipids and Gareth Cheong's Response to Plaintiffs Motion for Order to Show Cause (Dkt. No. 92); Todd Gearheart and E&K Ag, LLC's Preliminary Objections to Proposed Contempt Citation on Behalf of Alleged Contemnors (Dkt. No. 97); and John Franklin's Response to Motion for Order to Show Cause (Dkt. No. 99). The District Court referred the above-motion to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. §636(b)(1)(A), FED. R. CIV. P. 72, and Rule 1(c) of Appendix C of the Local Rules.

### I. BACKGROUND

Plaintiffs Bunnett & Co., Inc. and Energy Feeds International, LLC (collectively Bunnett) originally filed this suit against Frank Dores alleging claims for breach of fiduciary duty and theft of trade secrets in state court. Bunnett first requested a temporary restraining order (TRO), which the court granted on November 24, 2015 and set a hearing for a preliminary injunction. Before the hearing, Dores removed the case to federal court. Once removed, Bunnett once again requested a TRO, which Judge Yeakel granted on January 13, 2016. Dkt. No. 47. Before the TRO was set to

expire, Bunnett moved for a preliminary injunction. Shortly after, however, Dores filed a notice with the Court that he would be initiating bankruptcy proceedings. Dkt. Nos. 52, 57. As required, the claims against Dores were stayed while the bankruptcy court resolves his case. That case is still pending.

Several months later, Bunnett filed the instant motion for order to show cause alleging that several nonparties had violated the TRO issued by this Court. Dkt. No. 65. Bunnett claims that Wawasan Agrolipids and its Executive Director Gareth Cheong (collectively Wawasan), Todd Gearheart and his company E&K Ag (collectively E&K Ag), Ray Gearheart and his company Gearheart Ag (collectively Gearheart Ag), and John Franklin all participated in a scheme in which Wawasan—with the help of the other alleged contemnors and Dores's family members—sent money to Dores in violation of the TRO. It is this rather elaborate scheme that is at issue in the instant motion. To address objections made at the status conference on September 28, 2016, the Court ordered the alleged contemnors to file any preliminary or procedural matters they intended to raise prior to setting an evidentiary hearing on the show cause order. Wawasan and Gearheart Ag responded stating that they did not object to the Court's jurisdiction. All of the other parties object both to the Court's personal jurisdiction over them, and also contend that Dores' bankruptcy prohibits this case from proceeding at this time.

## II. ANALYSIS

First, the bankruptcy stay does not bar this proceeding. The underlying case against Dores was stayed because all actions against a debtor are stayed once the party files for bankruptcy. 11 U.S.C. § 362; *Matter of S.I. Acquisition, Inc.*, 817 F.2d 1142, 1147 (5th Cir. 1987). However, an automatic stay applies solely to the debtor and does not stay proceedings against nondebtors. *S.I.*

*Acquisition*, 817 F.2d at 1147.  When claims are combined against a debtor and non-debtors, only the claims against the debtor are stayed, and all other claims are permitted to proceed normally—even when part of the same proceeding.  *Id.*  The Fifth Circuit has recognized a limited exception to this rule when the "extension of the stay [to non-debtors] contributes to the debtor's efforts of rehabilitation or the debtor and nonbankrupt are closely related."  *Id.*  Neither is the case here, as this pertains to a discreet series of events with no direct relationship to the merits of the case against Dores.  Therefore, the bankruptcy stay does not prevent the Court from considering the contempt motion against the alleged contemnors.

Second, it is well settled that a court has the authority to assert jurisdiction to determine whether it has personal jurisdiction over the parties.  *Waffenschmidt v. MacKay*, 763 F.2d 711, 716 (5th Cir. 1985) (citing *United States v. United States Mine Workers*, 330 U. S 258, 293 (1947)).  Thus, this Court may properly determine its jurisdiction over the alleged contemnors.  As noted, Franklin and E&K Ag also object that the Court does not have personal jurisdiction over them.  Because the Court is addressing this issue without an evidentiary hearing, Bunnett's burden is to make a prima facie showing that the Court has personal jurisdiction over the alleged contemnors.  *Guidry v. U.S. Tobacco Co.*, 188 F.3d 619, 625 (5th Cir. 1999).

As "contempt is an affront to the court issuing the order," the issuing court has the inherent authority to—and indeed must—enforce the injunction.  *Waffenschmidt*, 763 F.2d at 716. The court's order "binds not only the parties subject thereto, but also nonparties who act with the enjoined party." *Id.* at 717 (citing *Ex Parte Lennon*, 166 U.S. 548, 555 (1987)).  The scope of the injunction "carries with it the concomitant power of the court to reach out to nonparties who knowingly violate its orders." *Id.*  Both Franklin and E&K Ag argue that they do not have sufficient

3

minimum contacts with Texas to permit the Court to exercise jurisdiction over them. However, as discussed extensively in *Waffenschmidt*, when non-parties "actively aid[] and abet[]" a party covered by an injunction, the non-parties "place[] themselves within the personal jurisdiction of the district court." *Id.* at 718.  "A court may therefore hold an enjoined party in contempt, regardless of the state in which the person violates the court's orders." *Id.* at 716.  In such cases, the personal jurisdiction of the alleged contemnors is intertwined with the determination of whether they knowingly violated the injunction. *See Parker v. Ryan*, 960 F.d 543, 546 (5th Cir. 1992). As noted, at this point, Bunnett need only make out a prima facie showing that the non-parties actively aided and abetted Dores in violating the injunction.

To hold a non-party in contempt, the movant must establish a "knowing violation." Wawasan and Gearheart Ag admit to transferring money from Wawasan to Dores, though they argue that it was for "compassionate" reasons and not in an attempt to assist Dores in circumventing the injunction. Bunnett of course disputes Wawasan's and Gearheart Ag's claimed motivations in making the payments to Dores. The Court will therefore have to flesh out these facts at an evidentiary hearing. At this stage, however, the facts presented by Bunnett are at least sufficient to make a prima facie showing that they actively assisted Dores in violating the injunction.

With regard to these parties' knowledge of the TRO, Wawasan contends that it did not have notice of the TRO because it was never served with it, and points out that two days before the TRO was entered, Cheong is on record stating that he wished to transfer money to Dores's family members because Dores was enjoined from working. Dkt. No. 92 at 4-5. Wawasan states that the fact that these discussions took place before the January TRO was entered demonstrates that Wawasan's motivations to make the payments could not possibly be to circumvent an injunction,

4

since the injunction was not even in place at that time. *Id.* at 6. Bunnett responds that this is disingenuous because the payments by Wawasan were made while the TRO was in effect, and further note that Wawasan's claim of having the benign intention to simply assist Dores is belied by the lengths to which it went to conceal the payments. As for Gearheart Ag, it received formal service of the TRO. Dkt. No. 103 at 7. From this, the Court concludes that Bunnett has presented prima facie evidence that Wawasan and Gearheart Ag had notice of the TRO.

Similarly, E&K Ag also admitted to assisting Wawasan by transferring money to Dores's family members. As discussed above, the transfer of the funds itself presents at least a prima facie showing of a violation, subject of course to dispute at an evidentiary hearing before the Court. E&K Ag also had notice of the TRO, as Todd Gearheart admits in his deposition that he knew the reason for the transfer of money was because Dores "had an injunction against him." Dkt. No. 97 at 22. Therefore, this Court has jurisdiction over E&K Ag and Todd Gearheart.

On the other hand, Bunnett has provided insufficient evidence to show that Franklin violated the court's TRO. Bunnett attempts to tie Franklin in by alleging there was a conspiracy that began when Franklin, Dores, and Ray Gearheart left Energy Feed International. Dkt. No. 103 at 6. Bunnett argues that Franklin was in active concert with the other alleged contemnors and should be held in contempt. However, Bunnett has submitted no evidence of any actions taken by Franklin that would indicate he actively aided and abetted Dores during the period governed by the TRO. While participation in a conspiracy to evade an injunction can be the basis for a finding of contempt, the plaintiffs have not shown evidence of Franklin's participation in *this* conspiracy. *See, e.g., NLRB v. Laborers' Int'l Union*, 882 F.2d 949, 954 (5th Cir. 1989) (holding that conspiring to evade an injunction is grounds for contempt). Without at least some factual support to show that Franklin

took one or more actions in furtherance of the alleged conspiracy, Bunnett has not established a prima facie showing of this Court's personal jurisdiction over Franklin.

### III. RECOMMENDATIONS

This undersigned **RECOMMENDS** that the District Court **OVERRULE** the objections to jurisdiction of Wawasan Agrolipids, Gareth Cheong, Todd Gearheart, E&K Ag, LLC, Ray Gearheart, and Gearheart Ag Consulting, Inc.  The Court **FURTHER RECOMMENDS** that the District Court **SUSTAIN** the objection to jurisdiction of John Franklin, and **DISMISS** the claims against Franklin for lack of personal jurisdiction.

**FINALLY**, the Court **RECOMMENDS** that, upon acting on this Report and Recommendation, the District Court return the case to the undersigned's docket so that a hearing on the merits of the Motion for Order to Show Cause (already referred to the undersigned) can be scheduled, and other actions related to that hearing can be addressed.

### IV. WARNINGS

The parties may file objections to the Recommendations contained above.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 2nd day of December, 2016.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE