# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **BUNNET & CO., INC. et al.** | § | |
| | § | |
| **V.** | § | 1-15-CV-1104 LY |
| | § | |
| **FRANK DORES** | § | |

## ORDER

Before the Court is the Plaintiffs' Motion to Register Orders (Dkt. No. 274). The motion was referred to the undersigned for resolution.

In brief, the undersigned submitted recommendations to the district judge that Frank Dores, along with others, be held jointly and severally liable to the Bunnett Parties for damages in the amount of $20,000.00 based on a finding of contempt, and that Dores and the others be held jointly and severally liable to the Bunnett Parties for reasonable attorneys' fees and costs in the amount of $221,353.00. Judge Yeakel adopted both recommendations. Dkt. Nos. 221 & 262. The case remains pending before the Fifth Circuit, which heard oral argument on April 30, 2019.

In the present motion the Bunnett plaintiffs make a request pursuant to 28 U.S.C. § 1963 for the Court to certify the orders in this case so that they may register the judgment in California, where they allege Dores has assets that might satisfy the judgment. Pursuant to the relevant statute, no leave of court is required to register a judgment that "has become final by appeal or expiration of the time for appeal." 28 U.S.C. § 1963. When this is not the case, a party may register a judgment only if "ordered by the court that entered the judgment for good cause shown." *Id.* Arguing that good cause exists here, the Plaintiffs ask that they be permitted to register the orders holding Dores liable for the above sums in California. Dores has not responded.

The purpose of allowing the registration of a judgment in a jurisdiction other than the one in which the judgment was rendered is to allow a judgment creditor to secure payment of the

judgment from out-of-state assets when the debtor does not have sufficient assets in the trial jurisdiction, and to protect against a debtor that has not posted a supersedeas bond using the time during which the appeal is pending to dispose of assets that might be able to satisfy the judgment. *See. e.g., Fisher Scientific Internat'l Inc. v. Modrovish*, 2006 WL 1126729 at *1 (S.D. Tex. Jan. 17, 2006). It takes very little to make the good cause showing. In *Fisher* the judgment creditor relied on statements of the debtor's counsel at a hearing to show that the debtor did not have property in Texas, and the results of asset searches to demonstrate a likelihood that he had assets in California. *Id.* In another case, the only evidence of the presence of assets in the foreign jurisdiction was that fact that the debtor had its principal place of business there. *Cianbro Corp. v. George H. Dean, Inc.*, 749 F. Supp. 2d 1, 3 (D. Maine 2010).

Here, the Plaintiffs' evidence consists of a number of documents filed in Dores' Chapter 13 bankruptcy case filed in the Eastern District of California in 2016, indicating that he had a number of assets there and no assets anywhere else, as well as a copy pages from a website indicating that Dores is employed by Enzabac in Merced, California. Dkt. No. 274-1. This is sufficient evidence to support a showing of good cause.

Accordingly, Plaintiffs' Motion to Register Orders (Dkt. No. 274) is **GRANTED**. It is **ORDERED** that the Clerk of Court certify the Order on Report and Recommendation (ECF No. 221), and the Supplemental Order on Report and Recommendation (ECF No. 262) from this case. It is **FURTHER ORDERED** that the two orders, ordering that Frank Dores is liable to Plaintiffs for damages in the amount of $20,000.00, and ordering that Frank Dores is liable to Plaintiffs for an additional $221,353.00, may be registered in the United States District Court for the Eastern District of California.

SIGNED this 27th day of June, 2019.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE